In the Matter of WILLIAM B. POWER, an Attorney, Respondent. MONROE COUNTY BAR ASSOCIATION, Petitioner.

Fourth Department, December 12, 1972.

*Leon N. Armer* for petitioner.

*William B. Power,* respondent in person.

*Per Curiam.* Respondent was admitted to the Bar by this court on April 8, 1963.

Petitioner has submitted a petition, verified November 15, 1971, alleging certain acts of professional misconduct by respondent, which allegations were denied by respondent by answer verified February 15, 1972. On April 4, 1972 the issues of fact raised by the petition and answer were referred to a referee to take the proofs thereon and to report his factual findings without recommendation. Such proceedings before the referee have not been concluded and we make no determination as to the issues presented thereon.

Subsequent to the above order of referral, by supplemental petition, verified October 14, 1972, the following acts of professional misconduct were charged against respondent:

1. That he, while acting as attorney for the sellers on the closing of a contract for the sale of real property, received moneys in the amount of $2,698.34 on behalf of the sellers, which he has not accounted for, although they have on many occasions requested an accounting and the remission of the proceeds to them. That a check delivered by him to them in the amount of $2,000 was not paid when presented for payment and was fraudulent, false and worthless.

2. That he, while acting as attorney for a party to a matrimonial proceeding, engaged the professional services of a lawyer in the Republic of Dominica by means of a false, fraudulent and worthless check issued by him in the amount of $400 in payment for such services.

3. That he obtained for himself and others the goods and services of two innkeepers in the Province of Ontario, Canada, by means of issuing a false, fraudulent and worthless check in the amount of $552.66 in payment therefor,

4. That he received the sum of $500 from a client for the purpose of providing representation at certain Parole Board proceedings. That he made various representations concerning such proceedings which were false and untrue and has retained the moneys received, which were in excess of a reasonable fee and for which he in fact rendered no service.

The acts of professional misconduct as alleged in the supplemental petition were in violation of the Code of Professional Responsibility, Disciplinary Rules 1-102 (A) (1), 1-102 (A) (3), 1-102 (A) (4), 1-102 (A) (6), 2-106 (B), 9-102 (B) (1) and 9-102 (B) (4).

The supplemental petition and charges were served personally on respondent on October 31, 1972 together with a copy of an order of this court directing that the respondent answer or make any desired motion addressed to the complaint on or before November 21, 1972. Respondent failed to answer the petition, did not appear on the return day and submitted no papers on this application. "Such inaction is not only construed to constitute an admission of the charges but also an indifference to the consequences of an adverse determination." (*Matter of Nicotina*, 37 A D 2d 300, 301; *Matter of Schner*, 5 A D 2d 599, 600.)

Respondent has demonstrated his unfitness to continue as a member of the Bar of this State and should be disbarred.

DELVECCHIO, J. P., MARSH, MOULE, CARDAMONE and HENRY, JJ., concur.

Order of disbarment entered.